SUMMARY ORDER
Debtor-appellant Kevin Watkins (‘Watkins”) appeals from an order of the district court affirming an order of the bankruptcy court (Milton, Bankr. J.) lifting an automatic stay pursuant to 11 U.S.C. § 362(d) *296 and permitting Watkins’s landlords, creditors-appellees Charles Alpert and Joseph Alpert (collectively, “the Alperts”), to enforce their rights through state-court proceedings to evict Watkins from his apartment. We assume the parties’ familiarity with the facts in this case, its procedural history, and the issues on appeal.
The decision to lift the 11 U.S.C. § 362 automatic stay is committed to the discretion of the bankruptcy court, and this Court will overturn the decision only upon a showing of abuse of discretion. In re Sonnax Indus., Inc., 907 F.2d 1280, 1286 (2d Cir.1990). Watkins contends that the bankruptcy court erred in lifting the automatic stay because he was obligated to the Alperts only under a statutorily created month-to-month tenancy, rather than a written lease. Watkins further argues that the bankruptcy court wrongly refused to disqualify opposing counsel from the proceedings. We reject these contentions for substantially the reasons discussed in the district court’s thorough analysis of the bankruptcy court’s decision.
We reject also Watkins’s contention that the bankruptcy court erred in applying collateral estoppel to a state-court order that mischaracterized the proceedings in his prior federal action. Although we have doubts as to Watkins’s own characterization of those proceedings, we nonetheless find that the issue was not essential to either the state court or bankruptcy court decisions. Finally, we find no support in the record for Watkins’s assertion that the bankruptcy court defined his lease as continuing ad infinitum.
For the foregoing reasons, we AFFIRM the decision of the district court.